UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN DEATLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERT E. DEATLEY, an individual, SUPERIOR ASPHALT & PAVING CO., a Washington corporation, and SUPERIOR ASPHALT & CONCRETE CO., a Washington corporation.<br><br>    Defendants. | NO. CV-04-3082-JLQ<br><br>ORDER SETTING HEARING IN SPOKANE TO RESOLVE DISCOVERY DISPUTES |

A telephonic hearing was held in the above-entitled matter on May 23, 2005, to address on-going discovery disputes. **Christopher Howard** appeared on behalf of Plaintiff. **Dale Martin** appeared on behalf of Defendants. Before the court are Plaintiff's Motion to Compel Depositions (Ct. Rec. 65), Motion for Protective Order (Ct. Rec. 67), and Motion for Expedited Hearing thereon. (Ct. Rec. 71).

The on-going discovery disputes as well as the impending discovery cut-off date of June 1, 2005, were discussed. Defendants advised that they were filing a motion to continue or stay discovery along with motions directed to discovery issues. Counsel for both parties agreed that it will likely be necessary to request the discovery cut-off date of June 1, 2005.

**IT IS HEREBY ORDERED:**

    1. The Motion for Expedited Hearing is **GRANTED**. (Ct. Rec. 71).

    2. The Motion to Compel Depositions (Ct. Rec. 65) is **DENIED** to the extent that Albert DeAtley and the Superior employees Plaintiff seeks to depose shall be deposed after Plaintiff Alan DeAtley. Therefore, the depositions noted for May 25th

ORDER - 1

and 26th are stricken.

3. The court **RESERVES** formal ruling on Plaintiff's Motion for Protective Order (Ct. Rec. 67), however Albert DeAtley is ordered to have no personal contact with anyone having business relations with Alan DeAtley other than through attorney Martin pending the further Order of the court.

4. The parties are advised that the court finds the failure to cooperatively set deposition and discovery schedules and to serve notice of subpoenas and/or depositions to be completely inappropriate and unprofessional and in violation, *inter alia,* of the letter and spirit of Federal Rule of Civil Procedure 26. Any further violations or conduct evidencing incivility will be met with appropriate sanctions. The court is this date mailing to counsel for the parties its Memo dated October 20, 1997 concerning civility together with Judge Paul L. Friedman's paper dated March 13, 1998 entitled "Fostering Civility: A Professional Obligation." All attorneys from both law firms who are involved in the matter *sub judice* are directed to read and reflect on the statements of Judges Friedman and Koeltl.

5. The parties shall appear for an in court hearing in **Spokane**, Washington on **Friday, June 3, 2005 at 1:00 p.m..** The parties shall be prepared to address any remaining discovery issues, all pending motions, and the rescheduling of the discovery cut-off date in this matter. Prior to this hearing, the parties shall meet and confer and be prepared to inform the court as to discovery matters that have been resolved and also to recommend to the court the name(s) of proposed discovery master(s).

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 24th day of May, 2005.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2