UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN DEATLEY, ) | NO. CV-04-3082-JLQ |
| ) | |
| ) | ORDER RE: DISCOVERY |
| Plaintiff, ) | CONFERENCE, CONTINUANCE |
| ) | OF TRIAL DATE |
| vs. ) | |
| ) | |
| ALBERT E. DEATLEY, an individual, ) | |
| SUPERIOR ASPHALT & PAVING CO., ) | |
| a Washington corporation, and ) | |
| SUPERIOR ASPHALT & CONCRETE ) | |
| CO., a Washington corporation. ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

A hearing was held on June 3, 2005 to address the on-going discovery issues in this matter. **Christopher Howard** and **Alexander Baehr** appeared on behalf of Plaintiff. **Dale Martin** and **Greg Fullington** appeared on behalf of Defendants. Before the court are Defendant's Motion for Sanctions in the form of attorney fees (Ct. Rec. 55), Plaintiff's Motion for Protective Order (Ct. Rec. 67), Defendant's Motion to Continue or Stay proceedings (Ct. Rec. 83), and Defendant's Motion to preclude evidence, strike claims, and for additional sanctions (Ct. Rec. 88).

The court had previously discussed with counsel its concerns that counsels' responsibilities for professional conduct and civility must not be overcome by the demands of their clients. To that end, the court forwarded to counsel two articles on civility authored by members of the federal bench and directed that all members of counsels' firms who are engaged in this matter were to read the articles and be governed thereby. At the June 3, 2005 in-court hearing counsel assured the court that they and applicable members of their firms had read the articles and would be guided thereby.

**IT IS HEREBY ORDERED:**

ORDER - 1

1.  Plaintiff shall furnish counsel for Defendants with copies of all relevant documents, including expert reports **on or before June 20, 2005**.  Any document or report not so furnished **will be precluded from evidence at trial**.

2. Plaintiff shall file a Final Amended Witness List **on or before June 20, 2005**, including, *inter alia,* the name and address of the witness.  Plaintiff shall heed this court's prior admonition that a party and/or attorney listing a witness who is not called to testify **shall pay the discovery costs on such witness, including attorney fees**, subject to review by the court to prevent a manifest injustice.  The list shall include a **substantive and detailed** description of the expected testimony.

3. Defendants shall furnish all relevant documents, including expert reports, to counsel for the Plaintiff **on or before June 20, 2005**.  Any document or report not furnished **will be precluded from evidence at trial**.

4.  Defendants shall file a Final Amended Witness List **on or before July 1, 2005**, including, *inter alia,* the name and address of the witness.  Defendants shall heed this court's prior admonition that a party and/or attorney listing a witness who is not called to testify **shall pay the discovery costs on such witness, including attorney fees**, subject to review by the court to prevent a manifest injustice.  The list shall include a **substantive and detailed** description of the expected testimony.

5.  This court has orally ruled that it is not a waiver of the attorney client privilege for Plaintiff's current counsel to file letters with the court substantiating Plaintiff's attempt to obtain documents from prior counsel.  Plaintiff's counsel may redact the letters, if the letters contain other privileged communications.  Plaintiff shall file such letters **on or before June 20, 2005**.

6.  Defendants' prior Motion for Sanctions **is taken under advisement** for a determination of the appropriate award, if any,  of attorney fees. (Ct. Rec. 55).

7.  Plaintiff's Motion for Protective Order is **DENIED as Moot**. (Ct. Rec. 67). Plaintiff is satisfied with this court's prior and continuing Order that Albert DeAtley is to have no contact with anyone having business relations with Alan DeAtley.

8.  All remaining dates in this court's prior Scheduling Order (Ct. Rec. 21) are hereby **STRICKEN** and reset as set forth herein.

9.  All discovery shall be completed on or before **September 15, 2005**. Interrogatories, requests for admission/production, etc. must be served sufficiently early that all responses are due before the discovery deadline.  Any motion to compel, shall be filed and served on or before **August 15, 2005** so that it may be resolved prior to the discovery deadline.  Given the excessive amount of time the court has spent on discovery disputes at this stage, the court will appropriately address any future lack of cooperation, professionalism, or civility that necessitates a motion to compel and reserves the right to impose sanctions on either the respondent, movant, or both.

10.  All dispositive motions shall be filed and served on or before **October 17, 2005**.  Response and reply briefing shall be filed and served in accordance with Local Rule 7.1.  Oral argument, if requested, shall be scheduled by contacting the court's judicial assistant, Margaret Buckner, at 509-353-2180.

**11.  THE PARTIES SHALL FILE NO FURTHER DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS.**

12.  There shall be no further joinder of parties without leave of the court.

13.  All unresolved substantive and foreseeable evidentiary issues shall be addressed by motions in limine to be filed and served on or before **May 15, 2006**. Responses shall be filed in accordance with Local Rule 7.1.  Such motions will be addressed and resolved at the pretrial conference.

14.  Exhibit lists shall be filed and served and exhibits not previously furnished made available for inspection (or copies provided) on or before **May 1, 2006**. Counsel have been previously advised that the court views Fed. R. Civ. P. 26 as imposing on counsel and the parties an obligation to voluntarily furnish all relevant documents and information without the necessity of the other party filing formal discovery requests. Objections to exhibits shall be filed and served on or before **May 8, 2006**, and shall be heard at the pretrial conference.  All exhibits shall be pre-marked: Plaintiff's are to be

numbered 1 to 499; Defendants shall use numbers 500 et. seq..

15.  Designation of substantive, as opposed to impeachment, deposition testimony of witnesses who will be unavailable to give live testimony at trial, shall be by highlighting and served, **not filed**, on or before **May 15, 2006**.  Cross-designations by highlighting shall be served, **not filed**, on or before **May 25, 2006.**  Supplemental designations in shall be served, **not filed**, on or before **May 31, 2006.**  Plaintiff shall use **blue** highlighting for such designation(s) and Defendants shall use **yellow**.

Objections to any designated deposition testimony shall be **filed and served** on or before **June 9, 2006,** and shall be heard and resolved at the pretrial conference.

16.  The pretrial conference will be held in Spokane, Washington, on **Friday, June 16, 2006**, at 9:00 a.m..  All unresolved motions and objections will be heard at the pretrial conference.  If an agreed pretrial order has been lodged, counsel need not appear at the pretrial conference unless unresolved motions or objections exist.

17.  Trial briefs, requested voir dire, and proposed jury instructions shall be filed and served so as to be in the court's hands on or before **June 23, 2005**.  **These documents shall be filed electronically AND the parties shall deliver to the Clerk's office (not file) paper courtesy copies for chambers**.

18.  The jury trial shall commence at 9:00 a.m., on **July 31, 2006**, in Spokane, Washington.

19.  Defendant's Motion to Stay or Continue (Ct. Rec. 83), which sought a 30-to-60 day continuance, is **DENIED as Moot** given the more substantial continuance set forth herein.

20.  Defendant's Motion to Exclude Evidence, Strike Pleadings, and for further sanctions (Ct. Rec. 88) is **DENIED**.

21.  Defendants are cautioned to strictly adhere to Local Rule 10.1 and all counsel shall strictly observe and comply with all Local Rules of this court and the

Federal Rules of Civil Procedure.

ORDER - 4

1    **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and

2  furnish copies to counsel.

3    **DATED** this  6th day of June, 2005.

4

5                                s/ Justin L. Quackenbush
                              JUSTIN L. QUACKENBUSH
6                    SENIOR UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 5