UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN DEATLEY,<br><br>            Plaintiff,<br><br>vs.<br><br>ALBERT DEATLEY, et al,<br><br>           Defendants. | No. CV-04-3082-JLQ<br><br>ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION, ORDERING RE: FILINGS, AND ORDER EXTENDING DISCOVERY CUT-OFF DATE |

      Before the court is the Plaintiff's Motion For Reconsideration of this court's Order Granting Motion To Compel dated September 26, 2005. That Order held that for discovery purposes the responses of Plaintiff's former attorneys concerning alleged original Guaranty and/or Settlement documents were not protected by the attorney/client privilege. To the extent that the Motion For Reconsideration, which is disfavored in federal court, seeks reconsideration of that Order, the Motion For Reconsideration is DENIED, subject to the further orders of this court, *infra*.

      Because of the time constraints for the completion of discovery, upon receipt of the filing of the Plaintiff's Motion For Reconsideration, the court immediately downloaded the Motion in the hopes of a forthwith ruling thereon. The Motion For Reconsideration stated in part ". . . contemporaneously with the filing of the instant motion Plaintiff has produced the Subject Communications for an *in camera* inspection . . ." The court searched the electronic filings for such documents which could not be located. Assuming that the documents may have been mailed to the court, the court then

ORDER - 1

involved the court's entire chambers staff and that of the Spokane Clerk's office in a fruitless effort to discover the *in camera* submittal. Only recently has it been determined that counsel for the Plaintiff mailed the documents to the undersigned in **Yakima**, Washington!  The date of the Plaintiff's letter was October 6, 2005 and the letter and documents were received in Yakima on October 11, 2005.  The documents were then forwarded to the undersigned in his Spokane chambers.  While it should not be necessary, counsel for the Plaintiff are advised that all filings should be by ECF and if mailed, the mailing address is P. O. Box 1432, Spokane, Washington 99210.

Because of the content of the Plaintiff's Motion For Reconsideration, IT IS THE ORDER of the court that the responsive letters of former counsel for the Plaintiff concerning alleged original documents are, for discovery purposes, not protected by attorney/client **OR** work product privilege.  This pre-trial ruling does not constitute a ruling by this court that Plaintiff's former counsels' responses to inquiries by Plaintiff and his present attorneys as to documents are admissible at trial.  The answer to the question in the Motion For Reconsideration as to whether production of the responses constitutes a waiver of the attorney/client privilege by the Plaintiff is obvious.  The responses are being furnished pursuant to this court's Orders and not by reason of any waiver of claimed privilege by the Plaintiff.

Once the responses and redacted responses finally arrived in this court's chambers, a review thereof reveals that the only redactions pertain to a fee dispute, which, at this time does not appear to be relevant.  Counsel for the Plaintiff shall forthwith furnish the redacted versions of the responses to counsel for the Defendants.

In view of the recent filings on this matter indicating that counsel have expended many of the expiring discovery days in settlement negotiations, IT IS HEREBY ORDERED that the discovery cut-off date for all matters in this action shall be extended to November 15, 2005.

ORDER - 2

In order that no other matters delay this action and compliance with this court's Orders, the court notes that attorney Powers of Yakima has been participating in this matter on behalf of Plaintiff Alan Deatley and that he may be conflicted by reason of prior representation of a Defendant and/or being a witness in this action. If Mr. Powers is one of the counsel for Plaintiff and if the Defendants contend he should be disqualified, that matter shall be addressed by appropriate motion forthwith.

The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this 17th day of October 2005.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3