UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| ALAN DEATLEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALBERT DEATLEY, et al,<br><br>　　　　　　Defendants. | No. CV-04-3082-JLQ<br><br>MEMORANDUM OPINION AND ORDER DENYING POST-DISMISSAL MOTIONS |

　　　On August 22, 2006, this court entered its Order To Show Cause Re: Motions and Pleadings Filed Subsequent To Dismissal of Complaint and Claims and Closing Of File. (C.R. 292). Counsel have now responded to this Order. Counsel for Alan Deatley asks that the court not rule on any post-dismissal motions and counsel for Holland and Knight states that the court should not rule on the post-judgment motions. Richard Price, one of the Plaintiff's former attorneys, legitimately states that he is unable to determine if the court retained jurisdiction over the attorney fee issue since he has not been furnished a copy of the Settlement Agreement. It would seem that the content of the Settlement Agreement would be relevant to Mr. Price's position, both as to the continuing jurisdiction of this court in this case and also in this or any other court as to what reasonable fee is owed to Mr. Price for services rendered to the Plaintiff. However, the court does not deem it necessary that a copy of the Settlement Agreement be furnished Mr. Price at this time without briefing by the parties in that the court has reviewed the Settlement Agreement and found that other than the statement that the Settlement

ORDER - 1

Agreement and the Order of Dismissal "shall not affect the pending attorney fee lien claims," and the retention of funds by attorney Andrew Smythe in the amount of attorney lien claims, there is absolutely no other reference to the attorney fee matter. There is no retention of jurisdiction stated in the Settlement Agreement or court orders. The court did not retain jurisdiction over the putative dispute between the Plaintiff and his former attorneys and those issues were not part of the underlying action. By reason thereof, the court determines that it has no jurisdiction over the post-dismissal motions and the attorney fee disputes.

This determination should not be construed as any reluctance on the part of this court to determine the attorney fee issue if presented to the court through the filing of a subsequent action between the Plaintiff's former attorneys and the Plaintiff, assuming diversity of citizenship and amount in controversy, which would appear from the attorney liens to be present. The court has only raised the issue of whether that dispute could be properly litigated in the prior action, in view of the obligation of federal courts, both district and appellate, to dismiss an action if jurisdiction is lacking, even after the parties have gone through pre-trial and trial expense in the resolution of the matter, which could then implicate the statute of limitations, etc. and even if the jurisdictional issue was not raised by any party. If necessary, the unpaid attorneys are free to bring new actions for their fees in either federal or state courts.

The Clerk of this court shall enter this Order, forward copies to counsel, and again close this file.

**DATED** this 11th day of September 2006.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2